# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

NEIL J. GILLESPIE,

    Plaintiff,

v.                                                           Case No. 5:24-cv-101-MMH-PRL

GOOGLE LLC, a Foreign Limited
Liability Company, ALPHABET
INC., a Foreign Profit Corporation,
VERIZON COMMUNICATIONS,
INC., a Foreign Limited Liability
Company, VERIZON WIRELESS
SERVICES, LLC, a Foreign Limited
Liability Company, and
TRACFONE WIRELESS, INC., a
Foreign Profit Corporation,

    Defendants.

_____

# **O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff Neil J. Gillespie initiated this action on February 1, 2024, by filing his Comlaint [sic] for Replevin (Doc. 11; Complaint) in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida. See generally Complaint.[1] Defendants

---

[1] Defendants filed the Complaint as part of a composite exhibit. The Complaint is on pages 6–32 of the cited document. For ease of reference, the Court's citations to page numbers in documents in this record refer to the CM-ECF-stamped page numbers located at the top of each page, rather than a document's internal page numbers, if any. The Court's citations to paragraph numbers in the Complaint refer to the paragraphs in pages 6–32.

Alphabet, Inc. and Google LLC removed the action to this Court on February 28, 2024, by filing their Notice of Removal (Doc. 1; Notice).[2] In the Notice, Defendants assert that "[t]he allegations set forth in Plaintiff's Complaint render this a civil action arising under" federal law, "specifically 42 U.S.C. § 1983 and 18 U.S.C. § 245(b)(1)(A)." Notice ¶ 4. Accordingly, Defendants argue that the Court has federal question jurisdiction over these claims, and may exercise supplemental jurisdiction over Gillespie's state law claims. See id. at 1 (citing 28 U.S.C. § 1331). Upon independent review of the Complaint, the Court is unable to determine the nature of Gillespie's claims, and therefore is unable to conclude that it has subject matter jurisdiction over this action. Accordingly, the case is due to be remanded to state court.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it

---

[2] These Defendants represent that Gillespie has not properly served the summons or Complaint on any of the five Defendants in this action. See Notice ¶¶ 3, 5. While Alphabet and Google assert that they are not required to obtain the consent of the other three Defendants before removing this action, they nonetheless contend that the remaining Defendants consent to removal. Id. ¶ 5.

may be lacking."). A defendant may remove a case from a state court to federal court if the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction exists where a federal district court has "at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1305 (11th Cir. 2016) (quoting Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997)). Notably, when a defendant removes an action to federal court, the defendant bears the burden of establishing that the court has subject matter jurisdiction. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). And in assessing whether a defendant has met this burden, "all doubts about jurisdiction should be resolved in favor of remand to state court." City of Vestavia Hills v. Gen. Fidelity Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting Univ. of S. Ala., 168 F.3d at 411). In their Notice, Defendants seek to invoke the Court's federal question jurisdiction under § 1331, which provides: "The district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States." See Notice at 1; 28 U.S.C § 1331.

In determining whether a claim arises under federal law for purposes of § 1331, the Court is guided by the "well-pleaded complaint rule." Aetna Health

Inc. v. Davila, 542 U.S. 200, 207 (2004). That rule demands that a federal question appear on the face of the plaintiff's well-pleaded complaint. Gully v. First Nat'l Bank, 299 U.S. 109, 112–13 (1936); see also Kemp v. Int'l Bus. Mach. Corp., 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint."). Generally, a federal question appears on the face of the complaint when federal law creates the cause of action. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). To meet the burden of establishing the existence of proper federal jurisdiction, the removing "defendants must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." Adventure Outdoors Inc. v. Bloomberg, 552 F.3d 1290, 1294–95 (11th Cir. 2008); see also Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011). Because a federal question must appear on the face of the complaint, a federal defense alone will not support removal. Kemp, 109 F.3d at 712.

Nevertheless, "even when a plaintiff has pled only state-law causes of action, he may not avoid federal jurisdiction if either (1) his state-law claims raise substantial questions of federal law or (2) federal law completely preempts his state-law claims."[3] Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285, 1290

---

[3] Defendants do not argue that federal law preempts Gillespie's state-law claims. Rather, Defendants assert that his allegations "render this a civil action arising under" federal

(11th Cir. 2004) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983)). A state-law claim raises a substantial question of federal law "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal–state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013); Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 578 U.S. 374, 383 (2016). Importantly, however, "'[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" Dunlap, 381 F.3d at 1290 (quoting Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986)). Rather, to confer federal jurisdiction, "the state-law claim must 'really and substantially involve[ ] a dispute or controversy respecting the validity, construction or effect of [federal] law.'" Id. (quoting Mobile Oil Corp. v. Coastal Petroleum Co., 671 F.2d 419, 422 (11th Cir. 1982)); Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

Here, while Defendants contend that Gillespie asserts claims under federal law in his Complaint, the Court is not so convinced. Gillespie styled his Complaint as an action "for Replevin" under state law. See Complaint at 6. While Gillespie also refers to the First Amendment to the United States

---

law. See Notice at 2. Accordingly, federal preemption is not implicated in this case.

Constitution and multiple federal statutes, see id. ¶¶ 78–81, and Gillespie seeks punitive damages on the grounds that Google "breached a duty of care to the Plaintiff under the Constitution and laws of Florida, and of the United States, including the First Amendment," id. ¶ 84, the vague nature of his allegations makes it unclear whether Gillespie actually seeks to assert any cause of action which arises under federal law. Notably, mere references to federal laws or rights, even if included as an element of a state law claim, do not "transform what are in all other respects state laws claims into federal claims." Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994). Indeed, the Eleventh Circuit has explained that the Supreme Court in Moore v. Chesapeake & Ohio Ry. Co., 291 U.S. 205, 214–15 (1934), made "clear that violation of a federal standard as an element of a state tort recovery does not fundamentally change the state tort nature of the action." Hill, 13 F.3d at 1550.

At least on this record, Gillespie's conclusory and ambiguous references to federal law are insufficient to establish what claims Gillespie seeks to assert, much less the actual legal basis upon which he relies. For this reason, the Court cannot conclude that Gillespie's "[C]omplaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." See Adventure Outdoors, 552 F.3d at 1294–95. Because "all doubts about jurisdiction should be resolved in favor of remand to state court," City of

Vestavia Hills, 676 F.3d at 1313, this case is due to be remanded to the state court in which it was filed.[4]

Accordingly, it is

**ORDERED:**

1. The case is **REMANDED** to the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida.

2. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.

3. The Clerk of the Court is further **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Chambers on March 26, 2024.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc31

Copies to:

Counsel of Record

Pro Se Parties

Clerk, Circuit Court, Fifth Judicial Circuit,
in and for Marion County, Florida

---

[4] If, through future developments in state court, Defendants ascertain that the case is one which is or has become removable, Defendants may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.